NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
  **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 943-4761
TeleFax: (609) 984-0805
taxcourttrenton2@judiciary.state.nj.us

March 8, 2018

**BY FIRST-CLASS AND ELECTRONIC MAIL**
Chimere Moore, Pro Se
134 Kensington Drive
Galloway, NJ 08205

**UPLOADED**
Steven J. Colby, Esq.
Deputy Attorney General
25 Market Street, P.O. Box 106
Trenton, NJ 08625-0112

> Re: Chimere Moore v. Director, Division of Taxation
> Docket No. 003369-2016

Dear Ms. Moore and Counsel:

This is the court's opinion after trial in this matter. The issue is whether defendant ("Taxation") correctly determined that plaintiff is not entitled to claim the New Jersey Earned Income Tax Credit ("NJ-EITC") for tax years 2011, 2012, and 2013. For the first two years, Taxation granted plaintiff the NJ-EITC, then claimed those payments as erroneously paid and demanded a repayment. For 2013, Taxation denied plaintiff's claim for the NJ-EITC. Taxation maintains that plaintiff's filing status on her New Jersey gross income tax ("GIT") returns as head of household was wrong because she was married. Thus, her GIT return filing status should be "married filing separately," which status would not entitle her to the NJ-EITC.

*

For the reasons stated below, Taxation's final determination is affirmed as to tax year 2011; is reversed as to tax year 2012; and is partially reversed as to tax year 2013

**FACTS**

Sometime in 2007 plaintiff was married in Jamaica. Plaintiff and her husband allegedly stopped living together in 2009. However, the couple remained legally married.

Plaintiff has three children and one grandchild. Her first child, C.W.[1], was born in 1996. The father of this child is not the plaintiff's current husband (and was incarcerated for the tax years at issue, and still is). In 2006, plaintiff had a child, T.H., with her husband. Plaintiff would have third child, R.H., with her husband in 2012, although they were allegedly still living separate from one another. Around this same time, plaintiff's oldest child, C.W., had a child, I.W. Plaintiff claimed she received undocumented child support payments from both her husband and the father of her first child.

In October of 2011, plaintiff and her husband filed a joint petition for bankruptcy under Chapter 7. The address on the petition was listed as Egg Harbor, New Jersey for both plaintiff and her husband. Part II of the petition, titled "Calculation of Monthly Income for §707(b)(7) Exclusion," asked for among others, "marital/filing status," plaintiff and her husband checked the box "married filing jointly." The box with the notation "Married, not filing jointly, with a declaration of separate households," was left unchecked. Similarly, on Schedule I ("Current Income of Individual Debtors"), plaintiff listed her marital status as "married," and two children as "dependents of debtor and spouse." On Schedule J, "Current Expenditures," the box with the legend "check this box if a joint petition is filed and debtor's spouse maintains a separate household" was left unchecked.

---

[1] The children in this opinion will be referred to by their first and last initials.

2

On Schedule B, (assets, personal property), the petition listed most assets jointly (such as an automobile, checking account, and rental security deposit), but identified a federal income tax refund as plaintiff's. Various debts were listed as joint, including unpaid parking fines owed to the City of Philadelphia, utilities owed to Atlantic City Electric, various medical bills owed to medical entities in Atlantic City, an installment loan, car loan, New Jersey "surcharges," and credit card dues.[2] The bankruptcy case was closed in February 2012.

Despite the 2011 bankruptcy filing, wherein she maintained that her filing status was "married filing jointly," for tax year 2011, plaintiff filed her GIT return certifying that she qualified as a head of household, claiming two children as her dependents, T.H. and C.W. Plaintiff sought a refund of $652, which included $490 of NJ-EITC. Taxation paid $443.25 to plaintiff in March of 2012.[3] The court was not provided plaintiff's federal income tax ("FIT") return for 2011.

For tax year 2012, plaintiff repeated her status as head of household on her GIT return. This time, she claimed four dependents, her three children (R.H., T.H., and C.W.), and one her grandchild (I.W.). She sought a refund of $1,222, which included $1,012 in NJ-EITC. In February of 2013, Taxation issued a refund to plaintiff in the amount of $1,130.[4]

For tax year 2012, plaintiff's FIT return also showed her filing status as head of household, and the same four individuals as her dependents. She claimed federal earned income credit ("EIC") of $5,062 and on Schedule EIC listed her three children as the "qualified EIC dependents," who lived with her for the entire tax year. Although the Schedule identifies the oldest daughter as the

---

[2] Included for "notice" purposes were lawsuits filed by four different entities against the husband, or husband and plaintiff, in 2007 to 2009. All lawsuits were pending in, or under judgment issued by the New Jersey courts.
[3] $208.75 was withheld from this amount under the Set-Off of Individual Liability program ("SOIL"), which was applied to satisfy uncontested and unpaid income taxes owed by plaintiff.
[4] $92 was withheld under SOIL. Post-trial, Taxation provided a certification to clarify the amounts claimed by plaintiff as NJ-EITC for tax years 2011 to 2013, and noted that for 2012 plaintiff's correct status (married filing separately) meant additional GIT due of $1,154, thus, in addition to not being entitled to the NJ-EITC, plaintiff would owe an additional amount of $142 in GIT (not attributable to the NJ-EITC disallowance).

grandchild born in 2012, the last three number of the social security number, 852, pertain to her oldest daughter.

For tax year 2013, plaintiff once again filed as head of household. She claimed three children (C.W., R.H. and T.H.) as her dependents. She sought a refund of $1,152, which included $333 in withholdings and $1,043 NJ-EITC, less $224 for tax due. Taxation denied her claim for the NJ-EITC, and issued a refund of $109 (tax withheld $333 less GIT due $224). The court was not provided with plaintiff's 2013 FIT return.

During tax year 2013, the Chancery Division of the New Jersey Superior Court (Atlantic County), issued a "corrective order," dated March of 2013, whereby custody of plaintiff's first child (C.W., born in 1995), a minor, was given to the paternal aunt, whose address was listed as Pleasantville, New Jersey. The aunt was also given the right, as guardian, to execute any documents on the child's behalf, and admit her into schools where the aunt resided.

By letters dated November 7, 2014, for each tax years 2011 to 2013, Taxation advised plaintiff that she was ineligible for the NJ-EITC because:

> If you are married . . . and reside with your spouse . . . you are not eligible to use the filing status 'head of household' or 'single.' Since you and your spouse . . . filed separate returns, we adjusted your filing status to 'married . . . filing separately.' A taxpayer who files as 'married . . . filing separately' is not eligible for a [NJ-EITC].

Plaintiff protested the above finding by a letter received by Taxation in February of 2015. She stated that "none of this is true," since she had been "separated from" her husband for "years" starting in 2009, two years after they were married in 2078. She maintained that she always lived alone with her children, who were not being claimed as dependents by anyone else.

By final determinations dated January 21, 2016, (one for each tax year 2011 to 2013), Taxation reiterated the findings in, and affirmed its November 2014 conclusion that plaintiff was

4

not eligible to file as head of household (noting that plaintiff failed to appear at the administrative conference scheduled for October 23, 2015).

Plaintiff filed a timely complaint challenging the final determination. She alleged that she has not "seen [her] husband in yrs" (sic), and did not "know where" he was, noting that her "married certificate is old." During trial, plaintiff claimed she had a cordial relationship with the husband, who was a Pennsylvania resident that lived in an apartment there, and had a Pennsylvania driver's license issued in 2012 (but was not presented as a witness). Plaintiff stated that she dropped the children off with the father (or he would pick them up from New Jersey) frequently during weekends, school holidays, and vacations. During the tax years at issue, she moved thrice within New Jersey, and during these moves, the children stayed with the husband. She insisted that she and the husband never spent any time together despite the fact that they had a child together in 2012. She conceded that there had been a domestic violence proceeding involving the two of them, but stated that those charges were dismissed. There was no time specified in this regard.

Plaintiff's husband paid her monies towards child support ($400 to $500), and for her other needs. This was done informally and by cash (i.e., without court order) because he had three other children (two of them were born during their marriage) for whom he was paying court-ordered child support. He also paid for the children's food and clothing, and her utility bills since she had prior debts owed to Atlantic City Electric (which entity was listed as a creditor in the couple's bankruptcy petition as being owed $4,157). On one of the rentals, the husband had sign the lease because plaintiff was unable to get it on her own. Plaintiff, however, paid the rent, water, and cable bills (her father paid her cell phone bills), and also the security deposit for the rental. Further, she received assistance from State for childcare.

After plaintiff's testimony, Taxation moved for an involuntary dismissal of the complaint. Taxation argued that its final determinations are presumptively correct, and plaintiff's inconsistent and incredible testimony, sans any objective evidence, did nothing to overcome the presumptive correctness. The only objective evidence offered by Taxation was the 2011 bankruptcy filing where plaintiff certified, under oath, that the husband lived with her.

**ANALYSIS**

Pursuant to N.J.S.A. 54A:4-7(a)(1), the NJ-EITC is allowed to

> [a] resident individual who is eligible for a credit under section 32 of the federal Internal Revenue Code ["I.R.C."]. . . for the taxable year equal to a percentage . . . of the federal earned income tax credit that would be allowed to the individual or the married individuals filing a joint return under [I.R.C.] section 32 . . . for the same taxable year for which a [NJ-EITC] is claimed . . . subject to the restrictions of this subsection and subsections b., c., d. and e. of this section.

One such restriction is that if a claimant is married, he or she must "file a joint [income tax] return or claim for the credit." N.J.S.A. 54A:4-7(a)(3).[5] However, this requirement does not apply to a claimant "who files as a head of household or surviving spouse for federal income tax purposes for the taxable year." Ibid. See also N.J.A.C. 18:35-4.3(g)(3).[6] In other words, a married individual who files a return with the status of head of household, can still claim the NJ-EITC. By necessary implication, married individuals who file returns with the status of married filing separate, will not be eligible for the NJ-EITC. See e.g. State of New Jersey, Department of the

---

[5] This is similar to the requirement under FIT law, namely that where the claimant for the federal EITC is married, then the credit is allowed "only if a joint return is filed for the taxable year." See I.R.C. § 32(d).

[6] When Taxation originally promulgated the regulations in 2002, it deemed a "resident individual who has gross income of $ 20,000 or less . . . and who files as a head of household," as eligible for the NJ-EITC. See 34 N.J.R. 298(b) (Jan. 7, 2002) (promulgating N.J.A.C. 18:35-4.3(b)). The regulation was amended in 2007 to clarify that the NJ-EITC to a resident claimant filing as head of household was provided the individual had a "qualified child," and also to note that the $20,000 income limit "did not apply for tax years after 2006." See 40 N.J.R. 1373(b) (March 3, 2008). The entire regulation was re-adopted in 2016, when the above language specific to head of household filers was deleted. See 47 N.J.R. 2445(a) (Oct. 5, 2015); 48 N.J.R. 295(a) (Feb. 16, 2016).

6

Treasury, <u>NJ Income Tax – 2017 NJ Earned Income Tax Credit</u> (2018);[7] Internal Revenue Serv.,

U.S. Dep't of Treasury, Pub. No. 907, <u>Earned Income Credit (EIC)</u> 2 (2018),

https://www.irs.gov/pub/irs-pdf/p596.pdf.

Here, it is undisputed that plaintiff was a New Jersey resident for the tax years at issue. It

is also undisputed she remained legally married from 2007 to the present time. Also undisputed

is the fact that she filed her GIT returns as head of household for the tax years in issue, and used

the same status on her FIT return for tax year 2012.

The GIT statute does not define the term "head of household," but imposes GIT at certain

rates for individuals filing returns using this status. <u>See</u> N.J.S.A. 54A:2-1(a). Further, the same

filing status used for FIT return purposes apply to the GIT returns. <u>See</u> N.J.S.A. 54A:8-3.1(b); (c).

Therefore, resorting to the FIT laws as to the meaning of the term "head of household," is proper.

The I.R.C. defines "head of household" as an individual who (1) "is not married" (or who

is "not a surviving spouse") and (2) maintains his or her home as a "household," which is the

"principal place of abode" of his or her "qualifying child," for more than half of the tax year. I.R.C.

§ 2(b). The "qualifying child" must be unmarried and cannot be claimed as a dependent of another

(for purposes of claiming an exemption of a certain dollar amount under I.R.C. § 152), in addition

to meeting the definition of a "qualifying child" under I.R.C. § 152(c).[8] <u>See</u> I.R.C. § 2(b)(1)(A)(i).

With respect to the requirement of maintaining a household, the individual must furnish

more than half of the costs of such maintenance. Treas. Reg. § 1.2-2(d). Such costs are expenses

"incurred for the mutual benefit of the occupants thereof." <u>Id.</u> Examples of such expenses include

"property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance,

---

[7] Available at http://www.state.nj.us/treasury/taxation/eitcinfo.shtml.
[8] A "qualifying child" is the claimant's child or grandchild; is 19 or younger (or if a student, under 24 years); has the "same "principal place of abode as" as the claimant for more than half of the tax year; is not paying for more than half of own support; and who has not filed a joint income tax return. I.R.C. § 152(c).

7

and food consumed on the premises." Id. Not included are "cost of clothing, education, medical treatment, vacations, life insurance, and transportation." Id.

A head of household can also include a person who is "treated as not married." I.R.C. § 2(c) (referencing I.R.C. § 7703(b)). Under I.R.C. § 7703(b), which is titled "Certain married individuals living apart," an individual is "treated" as if unmarried if the individual meets certain requirements. First, he or she must file a "separate return." Id. Here, plaintiff filed a separate GIT return for each tax year at issue.

Second, the individual must maintain a home, which constitutes the principal abode of a dependent, who is a "son" or "daughter" of the taxpayer, for more than half the taxable year.[9] I.R.C. § 7703(b)(1); see also I.R.C. § 152(f)(1)(A). This requirement is similar to the requirement under I.R.C. § 2(b), the statute defining "head of household," except that I.R.C. § 2(b) also includes a grandchild as a dependent.

Third, the individual must pay more than half the maintenance expenses for said home. The cost of maintaining the household only considers expenses, which are "incurred for the mutual benefit of the occupants thereof by reason of its operation as the principal place of abode of such occupants for such taxable year." Treas. Reg. § 1.7703-1(b)(4). Permissible expenses include payments of "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Id. Not included are expenses such as "cost of clothing, education, medical treatment, vacations, life insurance, and transportation." Id. This requirement is also similar to the requirement under I.R.C. § 2(b), the statute defining "head of household," and regulations thereunder. See supra.

---

[9] A child can still qualify as a dependent of that taxpayer even if the taxpayer and the other parent have a custodial parent release agreement. I.R.C. § 7703(b)(1) (referencing I.R.C. § 152(e)).

The fourth requirement is that the individual's spouse must not be a member of the household for the last 6 months of the tax year. I.R.C. § 7703(b)(3). A spouse will not be deemed to be a member of the claimant's household if that household is not the spouse's place of principal abode. Treas. Reg. § 1.7703-1(b)(5).

The court finds that for all tax years at issue, plaintiff met the first requirement of having filed separate returns. The court also finds credible that she maintained a home, which was the principal place of abode for her three children. The fact that the children frequently stayed with the father during weeks or vacation does not alter this. However, this finding does not apply for tax year 2013, as to plaintiff's oldest child, who was given to the custody of the paternal aunt in March 2013 by court order, thus did not stay with her for more than 6 months in 2013. Plaintiff's testimony that the child did not stay with her permanently is unpersuasive to overcome this finding because she did not provide any specific dates in this regard. Nor did she produce any court order showing revocation of the protective order/custody grant.

Additionally, the court also finds plaintiff's testimony persuasive that she spent over half the expenses for maintaining the home. Although she conceded that the husband's was a signatory to one lease rental, that in and of itself, does not prove he paid the rent. Further, the husband having paid for a portion of the utilities (electric) also does not change this finding, since plaintiff paid for the remaining expenses of maintaining the home. Indeed, the bankruptcy filing indicated that the husband's income (as debtor) was zero and all income was sourced to plaintiff. The husband's payments for the children's clothing, sometimes food, and entertainment, does not, by law, destroy this factor, since expenses for "clothing, education, medical treatment, vacations, life insurance, and transportation," are not included as maintenance costs under the federal regulations. See Treas. Reg. § 1.7703-1(b)(4).

As to the requirement that the spouse not be part of plaintiff's household, the court finds it difficult to accept this proposition, but only as to tax year 2011. She had a child with the husband who was born in 2012. The couple averred, under penalties of perjury, on their 2011 bankruptcy petition that they were domiciled in New Jersey for 6 months prior to the bankruptcy filing (so that the case is properly venued in the District of New Jersey). Her testimony that she "had to use" her New Jersey mailing address does not reduce the solemnity of certifying the facts to the court, which tells the court and the creditors that plaintiff and her husbanded resided together in New Jersey at one address for 6 months prior to the October 2011 bankruptcy petition date. For tax years 2012 and 2013, however, these facts (the bankruptcy filing and the child being born in 2012) would not apply. Therefore, for these two years the court finds that based on the evidence as a whole, plaintiff's spouse was not a part of plaintiff's household.

In sum, the court holds that Taxation's determination that plaintiff cannot file as head of household and thus, is not eligible for the NJ-EITC, will be affirmed as to tax year 2011.

Taxation's determination that plaintiff cannot file as head of household and thus, is not eligible for the NJ-EITC, is reversed as to tax year 2012. It should be noted that per plaintiff's 2012 FIT return, plaintiff did not claim her granddaughter as a qualifying child for federal EIC purposes. The 2012 GIT returns do not indicate how plaintiff computed the NJ-EITC. To the extent it included a fourth dependent (the granddaughter), Taxation can re-determine the correct amount of NJ-EITC.

Taxation's determination that plaintiff cannot file as head of household, and thus, is not eligible for the NJ-EITC, is partially reversed for tax year 2013 because plaintiff did not satisfactorily prove that her home was the principal abode of her oldest child. Taxation must re-compute the NJ-EITC based on two children as opposed to the $1,043 claimed. This amount,

evidently, can offset the erroneously refunded NJ-EITC for tax year 2011 ($490 plus interest and penalties) from the amount determined to be due as NJ-EITC for tax year 2013.

## CONCLUSION

For the aforementioned reasons, Taxation's final determination as to tax year 2011 is affirmed; is reversed as to tax year 2012; and is partially reversed as to tax year 2013. An Order and final judgment in this regard will be entered.

Very truly yours,

Mala Sundar, J.T.C.

11